1835.

DESPLACES

v.

GORIS.

DESPLACES *v.* GORIS, *et. al.* (*a*) .

Where a written document is the basis of a suit, it will be necessary to prove it, even though the principal defendant may admit the same.

Such was the present case; and the complainant had closed his opening argument, when the objection was taken by the defendant's counsel, who also closed his argument. The court considered such objection valid; but allowed the case to stand over for the purpose of giving the complainant time to move in the premises. A motion was made to be now allowed to prove the agreement; which was granted, upon payment of costs. In the meantime, the argument of the cause was suspended.

*February* 2.
1835.

*Evidence.*
*Practice.*

The complainant and principal defendant, Louis Delestre Goris, had entered into a written agreement, in the French language, relating to an operation in laces; and this agreement formed the basis of the present suit. Goris was charged with having got some of the laces wrongfully into his possession, with a view to act fraudulently in relation to them and contrary to the spirit of the agreement; and the other defendants, Allen and Clute, were attempted to be fixed as intermedlers and from having had indirect knowledge of the agreement. The bill alleged that this agreement had been executed in two parts in the French language and signed by the respective parties thereto; and, " being translated, is as follows"—*then followed the suggested translation*—and, afterwards, " as by the counterpart of the said agreement " in the French language signed by the said defendant Louis

(*a*) The order in this case was appealed from: but confirmed by the chancellor.

" Delestre Goris and now in the possession of your orator " ready to be produced and proved as this honorable court " shall direct, reference being thereunto had, may more " fully appear."

The defendant Louis Delestre Goris, in his answer, admitted he had entered into an agreement which was executed in two parts between the complainant and him; and that the same was generally, as to the facts thereof, fairly stated in the translation inserted in the bill: but for greater certainty the defendant referred to the original thereof. And the defendants Joseph W. Allen and John D. Clute disclaimed, in their answer, all knowledge and notice of the agreement, until they saw the translation in the bill.

The suit was commenced in the month of March one thousand eight hundred and thirty-two; proofs had been closed more than a year and nine months; after forty days, allowed by the ordinary rule of the court to produce witnesses, had or was about to expire, the complainant obtained an *ex parte* order, enlarging the time forty days more; and when such period was about to expire, an application was made by the complainant for further time to produce witnesses—which was also granted. Proofs had been fully gone into on both sides. But the complainant never attempted to produce or prove the original agreement; and he, at last, came to hearing without having in any way done so. The cause had been noticed for several terms; but was not reached until January term, 1835. Then, the counsel for the complainant opened his case, read the whole of the pleadings and testimony, argued his cause at length upon written points: and closed his opening argument. The defendant's counsel (counsel for all of them) next went fully through the case on the part of his clients; and in the course of argument, objected to the sufficiency of proof of the said agreement, referring to *Cox* v. *Allingham*, Jac. R. 337; and fully concluded the case on his part and left it with the court. The counsel for the complainant them asked leave to prove the agreement. His Honor, the VICE CHANCELLOR, consented to consider the force of the objection; and, on the next morning deemed it well

1835.

DESPLACES
v.
GORIS.

taken; but, on application, ordered the further hearing to be adjourned for three weeks, in order to give the plaintiff an opportunity of moving in the premises.

A motion was now made, on the part of the complainant, for leave to prove the agreement either before one of the examiners or before the court upon the further hearing of the cause in such manner and at such time and on such terms as the court might direct and that the same be used as evidence as if proved in the usual way or for such other order, &c.

Mr. *Thatcher T. Payne*, for the complainant.

Mr. *Charles Edwards*, for the defendants.

THE VICE-CHANCELLOR considered there was sufficient in the case of *Cox* v. *Allingham*, supra, to authorize the proving of the agreement even at this late day. If this were not allowed, the consequence would be the dismissal of the present bill, without a chance of having the merits gone into, while no benefit could result to the defendants.

The following is a copy of the order which was entered. " On reading and filing the affidavit of T. T. P., solicitor for the complainant, on reading and filing the affidavit of C. E. solicitor for the defendants in opposition thereto ; and on reference to the pleadings and proofs in this cause ; and on hearing counsel for the respective parties (this cause having been ordered by his honor the Vice-Chancellor of the first Circuit at the hearing to stand over for the purpose of allowing this motion to be made) and on motion of T. T. P. solicitor for the complainant. *Ordered*, that the complainant have leave, on giving four days notice thereof to the solicitor for the defendants, to prove before one of the examiners of this court the agreement between the complainant and defendant Louis De'Goris referred to in the pleadings and proofs in this cause and the affidavits produced on this motion and also a

translation thereof, by producing witnesses thereto; and that the defendants have leave to cross-examine and to produce witnesses on the said examination: but that the said cross-examination be confined to impeaching the genuineness of the said agreement and the correctness of the said translation; and that the said agreement, when so proved, as herein above directed, be taken and used as an exhibit on the hearing of this cause as if regularly produced and proved according to the ordinary course and practice of this court; and also that the complainant pay to the defendant's solicitor the taxed costs of opposing this motion."